tion at the hospital, where he was brought after receiving his injuries, and died two days thereafter, or from their experience and knowledge in respect to the nature and consequences of such injuries, they were of opinion that he could not have been able to maintain and carry on the conversations sworn to by proponent's witnesses, or to comprehend the nature of the testamentary act which it is claimed he performed. This evidence, however, does not, in my judgment, outweigh the positive testimony of the proponent's witnesses, which establishes to my satisfaction the due execution of the will, and the competency of the testator. A decree may be submitted admitting the will to probate.

Decreed accordingly.

(26 Misc. Rep. 106.)

### In re ROONEY'S ESTATE.

(Surrogate's Court, New York County. January, 1899.)

MUNICIPALITIES—PUBLIC ADMINISTRATOR — PROPERTY OF UNKNOWN HEIRS—COMPTROLLER—DEMAND BY PERSONS ENTITLED.

> Greater New York Charter, § 261, providing that no action shall be maintained against the city unless the petition shows that at least 30 days have elapsed since the demand was presented to the comptroller for adjustment, and that he refused to do so, applies to a claim for moneys paid to the comptroller by the public administrator belonging to unknown heirs, since Laws 1898, c. 230, § 29, makes the city responsible for all such moneys, and gives those entitled to them the same remedies against the city as they would have against any executor.

Application of certain persons claiming to be relatives of Mary Rooney, or Donnelly, deceased, for an order directing the chamberlain to pay over to them certain moneys deposited with the comptroller of the city of New York by the public administrator.    Dismissed.

Julian B. Shope, for petitioners.

John Whalen, Corp. Counsel, for city of New York.

ARNOLD, S. This application is made on behalf of alleged next of kin of the decedent, for the payment to them of certain moneys paid to the comptroller by the public administrator of the city of New York, upon his accounting, as administrator of this estate, for the benefit of the intestate's next of kin, whose names were then unknown. A citation having been issued to the mayor, aldermen, and commonalty of the city of New York, to show cause why the application should not be granted, the corporation, on the return thereof, has appeared by its counsel, and asked for the dismissal of the proceedings, upon the ground that it is not shown by the petition that the claim or demand upon which this special proceeding is founded was presented to the comptroller for adjustment; that at least 30 days had elapsed at the time of the commencement of the proceeding since such presentation, and no adjustment or payment thereof had been made, as required by section 261 of the Greater New York charter. The city of New York, by section 29 of chapter 230 of the Laws of 1898, is made responsible and answerable for all moneys paid into the city treasury by the public administrator; and all persons entitled to receive such moneys are given the same remedies against said corporation therefor

as they would have against any executor. I think the corporation counsel is right in his contention that the claim and demand made herein comes within the provisions of section 261, above cited, and the proceeding must be dismissed for the failure to comply with its provisions. As the decree under which payment into the city treasury was made appears to save the right of one Bryan Rooney to assert any claim which he may have as next of kin of the decedent upon the fund, any citation hereafter to be issued should run to him as well as to the corporation; and appropriate allegations calling therefor should be contained in any new petition for the payment of the petitioners' claim.

The proceeding is dismissed, without prejudice to the renewal of the application upon petition showing compliance with the provisions of section 261, aforesaid. Decreed accordingly.

---

(26 Misc. Rep. 102.)

### In re McGILL'S WILLS.

(Surrogate's Court, New York County. January, 1899.)

WILLS—UNDUE INFLUENCE—EVIDENCE.

A testator divided his estate equally among his four children and two grandchildren. A few days later he made a second will, and divided his estate into five shares only, giving one of them to be divided between the two grandchildren. The four children lived with testator, and had complained of the discrimination in favor of the grandchildren in the first will, and wished a new will made. At intervals between the making of the two wills, testator had complained that his children were annoying him about family matters. The second will made more liberal provisions for the grandchildren than the children wished. *Held*, that the second will was not procured by undue influence.

In the matter of the contest of the will of Richard McGill, deceased. Decree against contestants.

Shaw, Baldwin & Stotesbury and James M. Fisk, for contestants McGill.

Gilbert W. Minor and John C. West, for contestants special guardians.

ARNOLD, S. The testator died at his home, in the city of New York, on November 22, 1897, a widower, being then of an age between 70 and 73 years; leaving an estate, consisting of both realty and personalty, to the value of about $60,000. He executed two wills in the preceding August, on the 7th and 13th days of that month, respectively. Both of these instruments have been presented for probate, and each has been the subject of contest here. It has been claimed by the proponent of the later will that it operated as a revocation of the earlier one, and by the proponent of the latter that the execution of the former was procured by undue influence exercised upon him by his children. There are additional allegations putting at issue the due execution of these papers, but the proofs offered in respect to such execution leave no doubt that in each case all statutory requirements were fulfilled; and this is